OPINION *Page 2 
{¶ 1} Defendant-appellant Steven Fabian appeals his conviction and sentence entered in the Delaware County Court of Common Pleas following a jury trial.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The undisputed facts are as follows:
 {¶ 4} On April 6, 2007, Appellant was indicted on one Count of Receiving Stolen Property, in violation of R.C. 2913.51(A), one Count of Forgery, in violation of R.C. 2913.31(A)(3), one Count of Possessing Criminal Tools, in violation of R.C. 2923.24(A), one Count of Burglary, in violation of R.C. 2911.12(A)(3), and one Count of Theft, in violation of R.C. 2913.02(A)(1). The first three counts of the indictment alleged a series of events which allegedly occurred on or about the 7th day of October, 2006. The fourth and fifth Counts alleged a series of events which allegedly occurred on or about the 26th day of October, 2006, in Ashley, Ohio.
 {¶ 5} Counts One, Two and Three of the Indictment specifically alleged that on or about October 7, 2006, Appellant, in conjunction with Paul Pearsell, received a stolen check written by Paul Pearsell on the bank account of Judy and Jack Pearsell, and then cashed the same at the Delaware County Bank. (T. at 17-18).
 {¶ 6} Counts Four and Five of the Indictment alleged that on or about October 26, 2006, Appellant, in conjunction with Paul Pearsell, aided and abetted Paul Pearsell in committing a Theft and Burglary from the home of Judy and Jack Pearsell at 13 Wooley Park, Ashley, Ohio. (T. at 19-20).
 {¶ 7} On November 6, 2007, a jury trial commenced in this matter. *Page 3 
 {¶ 8} The State of Ohio called Vicky Pearsell (T. at 29), Jack Pearsell (T. at 47), Judy Pearsell (T. at 63), Douglas Patrick (T. at 78), Paul Pearsell (T. at 92), John Herrington (T. at 160) and Derrick Beggs (T. at 181) to testify.
 {¶ 9} The Defense called Appellant to testify. (T. at 181). Appellant acknowledged that he did receive and cash a check from Paul Pearsell (T. at 24), but that the funds were a payment from Mr. Pearsell to Appellant for money owed to him from Mr. Pearsell and that Appellant did not know that the check had been stolen. Appellant stated that he took the check to the Delaware County Bank, the bank upon which the check was drawn, and it was cashed by the bank. (T. at 24).
 {¶ 10} On November 7, 2007, following deliberations, the jury returned verdicts of guilty on Counts One, Two and Three of the indictment and verdicts of not guilty on Counts Four and Five of the indictment. (T. at 313).
 {¶ 11} Thereafter, a sentencing hearing was scheduled, and Appellant was referred for a pre-sentence investigation, which was completed and presented to the trial court prior to the sentencing hearing.
 {¶ 12} On December 17, 2007, the trial court conducted a sentencing hearing, at which time Appellant was sentenced to Community Control Sanctions, including a period of local incarceration of six months in the Delaware County Jail (T. of Sentencing Hearing at 329).
 {¶ 13} Appellant now raises the following assignments of error on appeal: *Page 4 
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING TESTIMONY AND EVIDENCE OF ALLEGED OTHER ACTS OF THE DEFENDANT-APPELLANT.
 {¶ 15} "II. THE JURY'S VERDICTS ON ALL THREE COUNTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL OF THIS MATTER."
 I. {¶ 16} In his first assignment of error, Appellant argues that the trial court erred in admitting "other acts" evidence. We disagree.
 {¶ 17} In the case sub judice, in addition to the check made out to Appellant (Exhibit 5), the trial court also admitted into evidence eight (8) other checks which were drawn on the account of Jack and Judy Pearsall, which were written by Paul Pearsall. On six of these checks the payee was Paul Pearsall. The two remaining checks were made out to Donato's pizza. Paul Pearsall testified that Appellant knew that he had stolen checks from his parents, and that Appellant had knowledge that he was forging checks from his parents' account because on at least a few occasions, Appellant drove him to the bank to cash these checks. (T. at 135-137). Paul Pearsall also testified that it was Appellant's idea to write the checks to Donato's, and that Appellant was present when said checks were written. (T. at 106-110). Appellant maintains the trial court should have excluded the checks marked as Exhibits 6 through 13.
 {¶ 18} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180, 510 N.E.2d 343. Our task *Page 5 
is to look at the totality of the circumstances in the particular case under appeal and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 19} Evid. R. 403(A) states as follows: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Additionally, Evid. R. 404(A) provides, with certain exceptions, that evidence of a person's character is not admissible to prove the person acted in conformity with that character. Evid. R. 404(B) sets forth an exception to the general rule against admitting evidence of a person's other bad acts. The Rule states as follows:
 {¶ 20} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 21} The trial court gave the jury the following limiting instruction:
 {¶ 22} "The Court: . . . Exhibit [sic] 6 through 13 were admitted. Those were certain checks. Those were admitted into evidence and this evidence was received about the commission of crimes other than the offenses of which this defendant is charged in this trial. And that evidence was received only for a limited purpose. It was not received and you may not consider it to prove character of the defendant or to show that he acted in accordance to that character. *Page 6 
 {¶ 23} "If you find that the other crimes were committed, you will determine whether the defendant had knowledge of those crimes being committed and, if so, you may consider that evidence only for the purpose of deciding whether it proves the defendant's knowledge of the circumstances surrounding the burglary and theft charges, or the absence of mistake or motive, or intent or purpose to commit those offenses of burglary or theft.
 {¶ 24} "The evidence cannot be considered for any other purpose." (T. at 214-215).
 {¶ 25} Juries are presumed to follow and obey the limiting instructions given them by the trial court. State v. DeMastry,155 Ohio App.3d 110, 127, 799 N.E.2d 229, 2003-Ohio-5588, citing State v.Franklin (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1.
 {¶ 26} In light of the entire record in the case sub judice, we find Appellant has failed to demonstrate an abuse of discretion in regard to the evidentiary decisions of the trial court under Evid. R. 404. The State's theory of the case was that Appellant knew or should have known that the check he cashed was a stolen check. Therefore, evidence that Appellant knew of other stolen checks which were possessed and negotiated by Mr. Pearson could be considered by the jury for the purpose of showing that Appellant knew the check in the case sub judice was stolen.
 {¶ 27} We hold it was within the trial court's discretion to allow into evidence Exhibits 6 through 13 for the purpose of proving knowledge and/or the absence of mistake or motive. State v. Banks (1986),31 Ohio App.3d 57, 61, 508 N.E.2d 986.
 {¶ 28} Appellant's first assignment of error is overruled. *Page 7 
 II. {¶ 29} In his second assignment of error, Appellant argues that the jury's verdicts were against the manifest weight of the evidence.
 {¶ 30} In reviewing the jury's verdicts, it is axiomatic that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226,638 N.E.2d 533. Furthermore, in considering whether a judgment is against the manifest weight of the evidence, it is important that this Court be guided by the presumption that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273. If the evidence is susceptible of more than one interpretation, we must construe the evidence consistently with the trial court's judgment. Gerijo, 70 Ohio St.3d at 226, 638 N.E.2d 533.
 {¶ 31} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and Findings of Fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12,19. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by *Page 8 
the trier of fact." State v. Clemons (1998), 82 Ohio St.3d 438, 444, citing State v. Jenks, 61 Ohio St.3d at 273. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."State v. Martin (1983), 20 Ohio App.3d 172, 175; See, also,Otten, 33 Ohio App.3d at 340.
 {¶ 32} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 33} To "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus; State v.Miller (2002), 96 Ohio St.3d 384, 2002-Ohio4931 at ¶ 38.
 {¶ 34} In the case sub judice, Appellant was charged and convicted of one count each of receiving stolen property, forgery and possessing criminal tools.
 {¶ 35} The elements of receiving stolen property, as set forth in R.C. 2913.51(A), are as follows:
 {¶ 36} "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 37} The elements of forgery, in violation of R.C. 2913.31(A)(3) are as follows:
 {¶ 38} "(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following: *Page 9 
 {¶ 39} "(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged."
 {¶ 40} The elements of possession of criminal tools as set forth in R.C. 2923.24 are as follows:
 {¶ 41} "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 42} Appellant, in his argument in support of this assignment, avers that the State failed to present any evidence he knew or had reason to believe that check written to him by Paul Pearsell was stolen.
 {¶ 43} At trial, the State presented the testimony both Vicky and Jack Pearsell, who testified that their son, Paul Pearsell, stole a number of checks from them and forged Jack Pearsell's signature on them. The State also presented the testimony of Deputy Beggs, who stated that Appellant "advised he did recall getting a check from Paul Pearsell, and [Appellant] thought the check might have been stolen, however he cashed it anyway due to not knowing for sure if it was stolen." (T. at 195).
 {¶ 44} Paul Pearsell also testified at trial. As set forth above, he testified that Appellant knew that he had stolen checks from his parents, and Appellant had knowledge that he was forging checks from his parents' account because on at least a few occasions, Appellant drove him to the bank to cash these checks. (T. at 135-137). Paul Pearsall also testified it was Appellant's idea to write the checks to Donato's, and that Appellant was present when said checks were written. (T. at 106-110). Additionally, he testified he wrote the check to Appellant for the $275.00, that Appellant knew the check was stolen/forged and that he was with Appellant when he drove to the *Page 10 
Delaware County Bank to cash the check. (T. at 92-160). He also testified Appellant drove him to his parents' house and waited as a look-out on the day he broke-in and stole more checks from them. Id.
 {¶ 45} While Appellant notes that he testified to a different version of events than those described by Paul Pearsell, we note that the jury, as trier of fact, was in the best position to assess credibility. Clearly, the jury did not find Appellant to be a credible witness.
 {¶ 46} Upon our review of the record, we find that, when reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Appellant was guilty of the charged offenses. We further find that the jury did not lose its way so as to create a manifest miscarriage of justice in convicting Appellant of the crimes of receiving stolen property, forgery and possession of criminal tools. Accordingly, the verdicts were not against the manifest weight of the evidence.
 {¶ 47} Appellant's second assignment of error is overruled.
 {¶ 48} For the foregoing reasons, the judgment of the Court of Common Pleas of
Delaware County, Ohio, is affirmed.
 Wise, J. Hoffman, P. J., and Gwin, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1